Benjamin Brenner, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Superintendent of Banks of the State of New York claimed to be arbitrary, capricious and unauthorized.
Between April 4, 1949 and May 1, 1953, the petitioners, as members of the Bushwick Savings & Loan Association, purchased an aggregate of $8,700 in shares of stock of said Association. On May 1, 1953, after an examination by the New York State Banking Department revealed that the financial condition of the Association needed strengthening to adequately protect the interests of its members and creditors, the petitioners executed a writing subordinating their shares to all claims of creditors and other members of the Association. The writing, among other things, provided as follows:
“ FIFTH: That, subject to the approval of the Superintendent of Banks, at such time as the condition of the said Association, as shown by an examination conducted by an examiner of the New York State Banking Department, shall have improved so that such Association shall have a surplus in amount equal to five (5%) per cent of borrowed money and free shares, including such subordination shares, then the subordinated shares herein referred to shall be released from such subordination;
“ SIXTH: That this agreement shall continue in full force and effect until, in the opinion of the Superintendent of Banks of the State of New York, the subordination of the said shares as herein provided is no longer required to protect the interests of the creditors and members of the said Bushwick Savings and Loan Association,”
*315 On February 20,1957 petitioners made demand for the release of their shares from the subordination agreement stating that there was then a surplus in excess of 5% of borrowed money and free shares, including the subordinated shares. An examination by the Banking Department revealed that such surplus did exist. It claims, however, that certain undisclosed factors were also revealed which require that the subordination of such shares be continued to protect the interests of the members and creditors of the Association. Such factors are not disclosed by reason of subdivision 10 of section 36 of the Banking Law which for obvious reasons, makes all reports, examinations and investigations by the Superintendent of Banks confidential communications.
The declared policy of the State of New York is that the business of banking organizations shall be supervised by the Banking Department “ in such manner as to insure the safe and sound conduct of such business, to conserve their assets, to prevent hoarding of money, to eliminate unsound and destructive competition among such banking organizations and thus to maintain public confidence in such business and protect the public interest and the interests of depositors, creditors, shareholders and stockholders ” (Banking Law, § 10). Subdivision 3 of section 12 of the Banking Law provides that whenever the Superintendent of Banks ‘ ‘ is authorized but not required to take any action or his approval is required as a condition precedent to the doing of any act, the taking of such action and the giving of such approval shall be within his sound discretion.”
It is clearly the legislative intent that courts refrain from interfering with an exercise of discretion on the part of the Superintendent of Banks unless, of course, there be an unrestrained violation of law (Matter of Lunghino & Sons, 176 App. Div. 285) or an erroneous or arbitrary exercise of such discretion. (Matter of State Bank of Kenmore v. Bell, 197 Misc. 97.)
Paragraph ‘ ‘ FIFTH ’ ’ of the subordination arrangement requiring a surplus of 5% is not the sole criteria or condition for the release of the shares of stock. The discretionary approval of the Superintendent of Banks is specifically made a necessary condition for such release under paragraph ‘1 SIXTH ’ ’ of the instrument and the right to exercise such discretion is quite unambiguous.
Being bound, as the petitioners already are, to discretionary supervision by the Superintendent of Banks under section 10 and subdivision 3 of section 12 of the Banking Law, they cannot complain of his exercise thereof, particularly in view of *316 their affirmative written assent thereto. The superintendent’s refusal to divulge the newly revealed factors which impel him to continue the subordination is no evidence of his improper exercise of such discretion because he is under subdivision 10 of section 36 of the Banking Law required to keep that information confidential.
It has not been shown that the determination is arbitrary, capricious, discriminatory, erroneous or palpably illegal. This court will not interfere with the superintendent’s judgment.
The motion is denied. Settle order on notice.